■ In the Matter of the Final Accounting of BESSIE SATTLER, as Committee of the Person and Property of RACHEL GREENFIELD, an Incompetent Person, Respondent. ZELLA HURWITZ et al., Appellants; JOHN J. RYAN, as Special Guardian, Respondent.— In a proceeding for the settlement of the account of the committee of an incompetent, nine nonresident relatives of the incompetent appeal from so much of an order of the Supreme Court, Kings County, dated June 5, 1958, as fixed the sum of $6,000 for the committee's compensation. Appellants, in their notice of appeal, also seek to bring up for review so much of a prior order of said court, dated June 5, 1957, as fixed the sum of $8,500 for the compensation for the special guardian, and the sum of $27,500 as the compensation for the committee's attorney. Order dater June 5, 1958, modified on the facts and in the exercise of discretion, by substituting the sum of $2,500 in the fourth decretal paragraph in place of the sum of $6,000, as the compen-

sation to the committee for her services. As so modified, the order insofar as appealed from, is affirmed, with costs to appellants payable out of the estate. In our opinion, the allowance fixed for the committee was excessive in view of the limited services she rendered to the incompetent during the 20-day period between the date of her appointment and the date of the incompetent's death. Moreover, since the committee is also the administratrix of the deceased incompetent's estate, she will receive the statutory sums as compensation for her services as such administratrix. The appeal from so much of the prior order of June 5, 1957, as fixed the compensation for the attorney and the special guardian, is dismissed. Such order was made as a result of a petition in a special proceeding to declare Rachel Greenfield an incompetent and to appoint a committee for her property. The order granted the petition after a jury trial. In addition, the order, by way of incidental relief, fixed the compensation for the attorney and special guardian. The order is a final order (Civ. Prac. Act, § 1372) and not an intermediate order. (Cohen & Karger, Powers of New York Court of Appeals, pp. 128, 201–202.) Therefore it is not reviewable without a timely notice of appeal therefrom. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.